UNITED STATES of America,
Plaintiff–Appellee,

v.

Karl E. GAYTAN, Defendant–Appellant.

No. 02–50377.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2003.

Filed Sept. 5, 2003.

Nicholas DePento, San Diego, CA, for the defendant-appellant.

Edward B. Moreton, Jr., Assistant United States Attorney, Los Angeles, CA, for the appellee.

Before NOONAN, TALLMAN, and RAWLINSON, Circuit Judges.

## OPINION

TALLMAN, Circuit Judge.

While serving as the mayor of the City of Colton, California, and as a member of the Colton City Council, Karl Gaytan accepted bribes. The bribe money influenced Gaytan's vote on several city land

use issues. After federal charges were brought against him, Gaytan pleaded guilty to bribery in violation of 18 U.S.C. § 666.[1] The district court ordered Gaytan to pay restitution to the City in the total amount of the bribe money Gaytan received, $61,506.63. Gaytan now appeals the order of restitution. We affirm.

The general rule is that "restitution in a criminal case may only compensate a victim for actual losses caused by the defendant's criminal conduct." *United States v. Gamma Tech Indus., Inc.,* 265 F.3d 917, 926 (9th Cir.2001) (citing 18 U.S.C. § 3664(a) and *United States v. Rodrigues,* 229 F.3d 842, 845 (9th Cir.2000)). We must therefore decide if the City of Colton suffered a loss when Gaytan accepted the bribe money and, if the City did suffer a loss, we must determine the amount of that loss.[2]

Gaytan contends that the City did not suffer any actual loss when Gaytan accepted the bribe money. He posits that any harm to the City is "speculative and conjectural." We disagree. The City of Colton lost the honest service of a public servant whose vote was purchased by developers seeking approvals for their projects which, when authorized, entitled them to tax rebates, loans, and loan guarantees. The citizens of Colton may have lost much more, for Gaytan's vice "endangers the very fabric of a democratic society." *United States v. Miss. Valley Generating Co.,* 364 U.S. 520, 562, 81 S.Ct. 294, 5 L.Ed.2d 268 (1961) (noting that "democracy is effective only if the people have faith in those who govern, and that faith is bound to be shattered when high officials . . . engage in activities which arouse suspicions of malfeasance and corruption"); *see also City of Findlay v. Pertz,* 66 F. 427, 435 (6th Cir.1895) (describing the self-dealing of a public official as "utterly vicious, unspeakably pernicious, and an unmixed evil").

The Supreme Court long ago dismissed the argument that a public official may keep his ill-gotten gains because there is no "loss" to the government:

> It is not enough for one occupying a confidential relation to another, who is shown to have secretly received a benefit . . . to say " . . . you cannot show that you have sustained any loss by my conduct." Such an agent has the power to conceal his fraud and hide the injury done his principal. It would be a dangerous precedent to lay down as law that unless some affirmative fraud or loss can be shown, the agent may hold on to any secret benefit he may be able to make out of his agency. *The larger interests of public justice will not tolerate, under any circumstances, that a public official shall retain any profit or advantage which he may realize through the acquirement of an interest in conflict with his fidelity as an agent.* If he takes any gift, gratuity, or benefit in violation of his duty, or acquires any interest adverse to his principal, without a full disclosure, it is a betrayal of his trust and a breach of confidence, and *he must account to his principal for all he has received.*

that it is within the bounds of the statutory framework." *Rodrigues,* 229 F.3d at 844. Here, Gaytan does not dispute that he accepted $61,506.63 in bribe money but contends that the restitution order requiring him to pay the City that amount is contrary to law. We review the legality of the restitution order de novo. *Id.*

---

1. Federal jurisdiction was based on the fact that the City of Colton receives more than $10,000 each year in federal benefits, such as grants, contracts, subsidies, loans, guarantees, insurance, or other federal assistance. 18 U.S.C. § 666(b).

2. We review the district court's restitution order "for an abuse of discretion, provided

*United States v. Carter,* 217 U.S. 286, 305–06, 30 S.Ct. 515, 54 L.Ed. 769 (1910) (emphasis added). We recently held in Gamma Tech Industries that an agent may be ordered to disgorge to his principal all secret profits obtained through the principal-agent relationship. There we said that an employer suffers a loss in the amount of secret profits accepted by its agent and is entitled to restitution in that amount. 265 F.3d at 929(holding that the district court did not err in ordering the defendant to pay restitution to his former employer in the amount of kickbacks he received because the ill-gotten gains belonged to the employer under California agency law).

▮ Gaytan accepted $61,506.63 in bribe money. So long as Gaytan retains those funds, the City of Colton suffers a loss in that amount. The district court properly ordered Gaytan to pay restitution to the City.[3]

**AFFIRMED.**

---

**3.** Though our analysis differs somewhat from the district court's analysis, we may affirm the district court on any ground supported by the record. *See Ecological Rights Found. v. Pac. Lumber Co.,* 230 F.3d 1141, 1154 (9th Cir. 2000). Gaytan's argument that the principal-agent theory of loss is inapplicable to elected public officials is foreclosed by the Supreme Court's decision in *United States v. Carter,* 217 U.S. at 305–06, 30 S.Ct. 515. *See supra,* text. Regardless, as an elected public official Gaytan is an "employee" of the City of Colton, Cal. Labor Code § 3351(b), and California law provides that

Everything which an employee acquires by virtue of his employment, except the com-

pensation which is due to him from his employer, *belongs to the employer,* whether acquired lawfully *or unlawfully,* or during or after the expiration of the term of his employment.

Cal. Labor Code § 2860 (emphasis added). Thus, under California law, the bribe money accepted by Gaytan properly belonged to the City of Colton. So long as Gaytan keeps the money, the City suffers an actual loss and ordering disgorgement in the form of restitution is proper.