**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mark Otto FLACH, Defendant— Appellant.**

**No. 03–50295.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 18, 2004.

Richard Cheng, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Petrik, Jr., Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Mark Otto Flach appeals from the district court's judgment ordering restitution

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

following his guilty-plea conviction of embezzlement of funds by an agent of a federal credit union, in violation of 18 U.S.C. § 657. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm in part and vacate and remand in part.

Flach contends that the district court erred by awarding restitution to an insurance company in an amount exceeding the insurance company's loss. We review the legality of a restitution order de novo, and we review the content of the order itself for an abuse of discretion, provided it is within the bounds of the statutory framework. *United States v. Gaytan*, 342 F.3d 1010, 1011 (9th Cir.2003). The government concedes that amendment of the restitution order is necessary. Accordingly, we vacate and remand for the district court to reassess restitution in this case, including consideration of whether Flach is responsible for the insurance company's non-indemnity expenses. *See United States v. Gamma Tech Industries*, 265 F.3d 917, 928 (9th Cir.2001) (stating that restitution in a criminal case cannot be awarded for losses too far removed from the conduct underlying the offense of conviction).

Flach does not challenge his conviction or any other aspect of his sentence. Therefore, they are affirmed.

**AFFIRMED in part, VACATED in part and REMANDED in part.**