**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Simone Nicole PIRTLE, Defendant—
Appellant.**

**No. 04–50593.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2005.

Decided Dec. 15, 2005.

Lawrence S. Middleton, Esq., Becky S. Walker, Esq., Adam D. Kamenstein, Esq.,

USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Monica Knox, Esq., Suzanne M. Lachelier, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, NOONAN, and THOMAS, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Simone Nicole Pirtle appeals from her conviction of one count of misappropriation of postal funds, in violation of 18 U.S.C. § 1711, and two counts of making criminal false statements, in violation of 18 U.S.C. § 1001. On appeal, Pirtle alleges that the district court erred in (1) denying her motion to suppress certain incriminating statements Pirtle made to her supervisor at the post office; and (2) calculating the amount of restitution to be paid by Pirtle under 18 U.S.C. § 3663A. We review a district court's denial of a motion to suppress on the basis of an alleged *Miranda* violation *de novo. United States v. Cervantes–Flores,* 421 F.3d 825, 829 (9th Cir.2005). We review the legality of a restitution order under 18 U.S.C. § 3663 *de novo* and the amount of restitution ordered for an abuse of discretion. *United States v. Phillips,* 367 F.3d 846, 854 (9th Cir.2004).

*Pirtle's Motion To Suppress*

At the time of the conduct that gave rise to her conviction, Pirtle was a window clerk at the Alameda Station Post Office. On August 19, 2002, as Pirtle returned to work from her lunch break, she was met by three Postal Inspectors. The inspectors took her upstairs to a conference room and questioned her for several hours regarding recent thefts from the post office. Ultimately, Pirtle confessed to the thefts and provided a written statement. The inspectors then departed and Brenda Johnson, Pirtle's supervisor, entered. Pirtle immediately told Johnson, "I'm sorry," and later stated that she "didn't know it was that much," apparently referring to the amount of the theft. At no time was Pirtle given a *Miranda* warning, either by the postal inspectors or by Johnson.

Pirtle moved to suppress her statements to the inspectors and to Johnson, arguing that they had been obtained in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The district court granted Pirtle's motion with respect to her statements to the postal inspectors, but denied Pirtle's motion to suppress her statements to Johnson. The district court found that Pirtle was not "in custody" when she spoke with Johnson and that *Miranda* therefore did not apply. On appeal, the government contends that the district court correctly determined that Pirtle was not "in custody" and that, in the alternative, Johnson was not a law enforcement agent and therefore was not required to provide *Miranda* warnings to Pirtle.

■ The protections outlined in *Miranda* apply only when a suspect undergoes "custodial interrogation." *Miranda,* 384 U.S. at 444, 86 S.Ct. 1602. "Custodial interrogation" is defined as "questioning initiated by law enforcement officials after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* Government employees who do not perform law enforcement functions are not subject to the requirements of *Miranda. See United States v. Eide,* 875 F.2d 1429 (9th Cir.1989)

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(*Miranda* does not apply to statements made to supervisory employee at federal Veterans' Administration hospital).

Here, the record indicates that Brenda Johnson was not a law enforcement officer, but a civilian manager at a post office branch. Her job responsibilities included tasks such as supervising the postal clerks, including Pirtle, and conducting audits of the station's inventory. She was not assigned to investigate violations of the law, to collect evidence, or to interview suspects. Indeed, in this case, although Johnson conducted the audit that initially revealed that a theft had occurred, she immediately turned the case over to the Postal Inspectors and played no further role in the investigation. When Johnson did speak with Pirtle, she did so to discuss Pirtle's termination from her job, a reason fully consistent with the supervisory, non-law-enforcement-related, nature of Johnson's work.

We therefore conclude that Johnson was not a law enforcement agent and was not required to give *Miranda* warnings prior to her conversation with Pirtle.[1] Thus, the district court did not err in denying Pirtle's motion to suppress.

*The District Court's Restitution Order*

■ Pirtle also challenges the district court's order under 18 U.S.C. § 3663A requiring her to pay $8,246.12 in restitution to the Post Office. 18 U.S.C. § 3663A requires defendants convicted of an "offense against property ... including any offense committed by fraud or deceit" to make restitution to their victims. 18

U.S.C. § 3663A(c)(1)(A)(ii) (2000). The appropriate amount of restitution must be proved by the government by a preponderance of the evidence. *See* 18 U.S.C. § 3664(e) (2000). In general, "restitution in a criminal case may only compensate a victim for actual losses caused by the defendant's criminal conduct." *United States v. Gaytan*, 342 F.3d 1010, 1011 (9th Cir.2003) (citation omitted).

According to Pirtle, the district court's restitution order was erroneous because it included losses that were not attributable to Pirtle's own conduct and that could have been caused by other clerks at the post office. This argument is without merit. The record clearly indicates that the amount of restitution ordered was calculated by analyzing computerized logs of sales transactions that Pirtle herself carried out. The total of $8,246.12 was obtained by adding up the values of all the transactions where Pirtle pressed certain keystroke combinations[2] known to the Postal Inspectors to have no lawful purpose and to be associated with theft by employees. There is no evidence that the restitution calculation took into account any transactions attributable or potentially attributable to any employee other than Pirtle.

Pirtle also suggests that the keystrokes relied on by the Postal Inspectors to identify fraudulent transactions may have had legitimate purposes, or may have occurred by accident. None of the evidence offered either at trial or at sentencing supports this claim. At oral argument, Pirtle did argue that each of the other clerks at the

---

1. In light of our holding here, we need not consider the government's additional arguments that Pirtle was not in custody when she spoke with Johnson and that any *Miranda* violation that did occur was harmless.

2. Specifically, the suspicious keystrokes included cases where Pirtle (1) pressed the "void" key to indicate that a customer had cancelled a sale, but then immediately

pressed the "no sale" button to open her cash drawer; or (2) pressed the "postage affixed" button to indicate that a customer had previously paid for the necessary postage, but then immediately pressed the "no sale" button to open her cash drawer. The inspectors believed Pirtle was actually accepting cash during these transactions and stashing it in her drawer to allow her to pocket it later.

post office had used the same keystrokes as had Pirtle and that this suggested that the keystrokes had an innocent explanation. But although the other clerks may have used *some* of the keystrokes Pirtle used, there is no evidence that any other clerk used the particular combinations that the postal inspectors associated with theft.

Thus, we agree with the district court that the government demonstrated by a preponderance of the evidence that Pirtle's activities caused a loss to the postal service of $8,246.12.[3] The restitution award in that amount was therefore proper.

The judgment of the district court is AFFIRMED.

---

**3.** At oral argument, Pirtle argued that the district court erred by including in the restitution award transactions involving the "postage affixed" button. Pirtle claimed that there was no evidence in the record regarding the purpose or legality of these transactions. Pirtle, however, has waived this argument by failing to present it either in the district court or in her brief on appeal. *Balser v. Dep't of Justice*, 327 F.3d 903, 908 (9th Cir.2003).