NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN STONE,

Defendant-Appellant.

No. 18-10382

D.C. No.
2:16-cr-00038-MCE-3

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted July 17, 2020
San Francisco, California

Before: SILER,** LEE, and BUMATAY, Circuit Judges.

Brian Stone appeals the district court's $243,680.84 restitution order under

the Mandatory Victim Restitution Act (MVRA), arguing that the court wrongly

imposed restitution for losses not caused by Stone and for insurance claims which

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

were not fraudulent. We have jurisdiction under 28 U.S.C. § 1291. "The legality of an order of restitution is reviewed *de novo*, and factual findings supporting the order are reviewed for clear error. Provided that it is within the bounds of the statutory framework, a restitution order is reviewed for abuse of discretion." *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007) (citations omitted). We vacate the restitution sentence and remand for the district court to recalculate restitution.

The district court did not err in imposing restitution for losses not directly caused by Stone's conduct but rather by his co-conspirators. "[R]estitution may be ordered for all persons directly harmed by the entire scheme and is thus not confined to harm caused by the particular offenses for which [the defendant] was convicted." *United States v. Johnson*, 875 F.3d 422, 425 (9th Cir. 2017) (citation and quotations omitted). The evidence presented at trial and sentencing showed that Stone participated in the scheme alleged in the indictment.

The district court, however, erred in imposing restitution to insurance companies for claims that may not have been tainted by fraud. Under the MVRA, restitution "may only compensate a victim for actual losses caused by the defendant's criminal conduct." *United States v. Gaytan*, 342 F.3d 1010, 1011 (9th Cir. 2003). Thus, "restitution may be awarded only for losses for which the defendant's conduct was an actual *and* proximate cause." *United States v. Swor*, 728 F.3d 971, 974 (9th Cir. 2013) (quotations and citations omitted) (finding

2

victim's loss too attenuated when defendant "introduce[ed] two people . . . in the course of carrying out a fraudulent scheme, [and] the two later, and independently, became involved in a separate, operationally different fraudulent scheme"); *see also United States v. Follet*, 269 F.3d 996, 999–1101 (9th Cir. 2001) (holding that a crisis center's costs for counseling a rape victim were too attenuated to be included in the rape defendant's restitution order).

The district court adopted the PSR's restitution amount without requiring the government to prove that the entire restitution amount resulted from fraud. It instead apparently relied on the government's assumption that the insurers would and could void the entire policy due to fraud. But because restitution covers only "actual losses" suffered by the insurers, the government had to provide evidence that no claims would have been paid absent Stone and his co-conspirators' fraud. To meet this burden, the "government must provide the district court with more than just general invoices ostensibly identifying the amount of their losses." *United States v. Andrews*, 600 F.3d 1167, 1171 (9th Cir. 2010) (quoting another source). Just because the insurance companies potentially had the right to cancel coverage does not mean they suffered those "actual losses." *Gaytan*, 342 F.3d at 1011. The government thus had the burden to prove which portion of the insurance payout was fraudulent. It did not do so.

The government's reliance on *United States v. Torlai*, 28 F.3d 932, 939 (9th Cir. 2013), is misplaced. That case was interpreting the specific language for calculating intended losses under the Sentencing Guidelines, not the MVRA's restitution provision. *See id.* at 939. The purposes behind the Sentencing Guidelines and the MVRA are distinctly different: intended loss concerns culpability of the offender, while restitution is about "actual losses" to the victim.

**VACATED AND REMANDED**.